FILED - KZ
February 11, 2010 2:09 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BLP        /

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - KALAMAZOO

| | |
|---|---|
| LEXIE PARO, ) | |
| ) | |
| Plaintiff, ) | 1:10-cv-134 |
| ) | Paul L. Maloney, Chief Judge |
| v. ) | United States District Court |
| ) | |
| WEBER & OLCESE, P.L.C., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, LEXIE PARO, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, WEBER & OLCESE, P.L.C., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. LEXIE PARO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mattawan, County of Van Buren, State of Michigan.

5. WEBER & OLCESE, P.L.C., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Michigan.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Citibank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV.   ALLEGATIONS

9. On or about September 8, 2009 Plaintiff received a correspondence from Defendant

10. The aforementioned correspondence sent by Defendant to Plaintiff was an attempt by Defendant collect a debt allegedly owed by Plaintiff to Citibank.

11. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

12. The aforesaid correspondence was the initial communication with Plaintiff.

13. The aforesaid correspondence did not contain a statement that unless Plaintiff, within thirty days after receipt of said correspondence, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

14. The aforesaid correspondence failed to include the complete disclosure required by the FDPCA, i.e., that the communication was from a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

15.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

16.     In its attempts to collect the debt allegedly owed by Plaintiff to Citibank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   b. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

   c. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter;

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

17.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

18.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEXIE PARO, by and through her attorneys, respectfully prays for judgment as follows:

3

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**LEXIE PARO**<br>
By: _/s/ David M. Marco_<br>
David M. Marco<br>
Attorney for Plaintiff

Dated: February 5, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us

4